# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| APRIL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 4:07-CV-0082-AS |
| | ) | |
| THE TJX COMPANIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration (Doc. No. 34) filed pursuant to Fed. R. Civ. P. 59(e) by Plaintiff April Smith ("Ms. Smith") on April 8, 2009. Therein, Ms. Smith requests the Court's reconsideration of its March 31, 2009 order (Doc. No. 33) granting Defendant The TJX Companies, Inc.'s ("Defendant" or "TJX") motion for summary judgment (Doc. No. 23) on the claim for punitive damages. *See Smith v. TJX Companies, Inc.*, 2009 WL 841133, --- F. Supp. 2d --- (N.D. Ind. March 31, 2009).

The procedural history and underlying facts of this case were previously set forth in this Court's March 31, 2009 order, and are incorporated herein. For the reasons that follow, Ms. Smith's motion is DENIED.

## DISCUSSION

Federal Rule of Civil Procedure 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment," Fed. R. Civ. P. 59(e), which Ms. Smith did in this instance. Reconsideration is appropriate when the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v.*

*Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* Reconsideration is discretionary and such motions should not be used to reargue previously presented points, *Neal v. Newspaper Holdings, Inc.,* 349 F.3d 363, 368 (7th Cir. 2003), but they serve only a limited function. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985). *See also Heltzel v. Dutchmen Mfg., Inc.,* 2008 WL 623192, *2 (N.D.Ind. March 4, 2008) ("this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure") (citing *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988)).

Plaintiff does not contest the Court's application of the proper legal standard for awarding punitive damages in Title VII cases. In fact, Plaintiff cites 42 U.S.C. § 1981a(b)(1) and the Supreme Court's decision in *Kolstad v. American Dental Ass'n.*, 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999) as the proper legal standard— the same law this Court explicitly relied upon in granting summary judgment on the punitive damages claim. Specifically, this Court stated:

> Title VII permits recovery of punitive damages if the plaintiff demonstrates that the defendant engaged in a discriminatory practice "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1126 (7th Cir.1996) (citing 42 U.S.C. § 1981a(b)(1)). A plaintiff may recover punitive damages under Title VII if three requirements are satisfied. Specifically, the plaintiff must establish that the employer "acted with knowledge that its actions may have violated federal law" and that "the employees who discriminated against him are managerial agents acting within the scope of their employment." *Lampley v. Onyx Acceptance Corp.,* 340 F.3d 478, 482 (7th Cir.2003) (quoting *Bruso v. United Airlines,* 239 F.3d 848, 857-58 (7th Cir.2001) (citing *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999))). However, even if these two prongs are met, "the employer may avoid liability for punitive damages if it can show that it engaged in good faith efforts to implement an antidiscrimination policy." *Id.*

*Smith v. TJX Companies, Inc.*, 2009 WL 841133 *9, ---F. Supp. 2d --- (N.D. Ind. March 31, 2009).

The Court assumed for the purposes of summary judgment that Ms. Smith met the first two prongs, yet TJX's good faith efforts to comply with Title VII alone entitled it to summary judgment. It is Ms. Smith's position that the correct law was applied to the wrong facts in making that determination. Ms. Smith argues that the Court incorrectly focused on TJX's response to Ms. Smith's complaint of harassment, as opposed to considering TJX's efforts to keep the District Manager, Ms. Jarrett-Moore, from retaliating against Ms. Smith (by not promoting her to Store Manager in May 2006) after Ms. Smith reported harassment in June 2005.

Specifically, Ms. Smith suggests that a genuine issue of material fact is raised because: (1) TJX possessed anti-retaliation policies but did not implement the policy to protect Ms. Smith; and (2) although Jarrett-Moore was disciplined for not reporting Ms. Smith's complaint of sexual harassment, Denise Adams (Regional Vice-President) and Marion Brown (Regional Manager of Human Resources) failed to "warn" Jarrett-Moore not to retaliate against Ms. Smith.

Ms. Smith's subjective belief that TJX should have 'done more' to prohibit retaliation (despite Ms. Smith's never complaining of retaliation) does not require this Court to infer that TJX did not employ good faith efforts to comply with Title VII. In essence, Ms. Smith wanted TJX to <u>predict</u> that Jarrett-Moore would attempt to retaliate against Ms. Smith, and thus, <u>forewarn</u> Jarrett-Moore not to retaliate. While an advance warning would have buffered a "good faith" argument, the omission of an explicit forewarning does not require the Court to infer a lack of good faith efforts on the part of TJX. The Court must look at all the facts in the light most favorable to Ms. Smith, including the fact that no forewarning was provided, and determine whether there is a jury question as to the use of good faith efforts.

Other than the failure to forewarn (and whatever hypothetical 'one-more step' actions the Plaintiff would have liked TJX to take), Ms. Smith presents no evidence that good faith efforts were not employed, such as: TJX failed to have and rely on its anti-discrimination/retaliation policies, TJX failed to provide Ms. Smith access to the policy or an avenue for redress, TJX failed to educate its employees about the policies, or TJX shrugged-off or conducted a sham investigation into complaints of retaliation.[1] *See Bruso v. United Airlines, Inc.*, 239 F.3d 848, 858-61 (7th Cir. 2001). Instead, the undisputed facts show the following: TJX not only possessed anti-retaliation policies, but TJX attempted to implement these policies by providing them to employees, including Ms. Smith[2]; TJX trained/educated TJX employees on compliance with the polices (and in fact, Ms. Smith trained TJX employees on the policies and complaint procedures for purported violations of the polices)[3]; TJX provided Ms. Smith with a written confirmation on April 12, 2005 that the policies would be enforced to prevent retaliation upon Ms. Smith[4]; and TJX counseled Ms. Smith to report any problems that she had with Ms. Jarrett-Moore in seeking the promotion in June 2006, yet Ms. Smith never made any report against Jarrett-Moore of retaliation to any TJX employee.[5]

In light of these facts, Ms. Smith's motion is not supported by any such circumstance making reconsideration appropriate. The instant case does not involve new factual issues or a change in the

---

[1] This list is meant solely to provide examples, and is not to serve as an all inclusive list, or intended as a list of prerequisites that would allow an inference that good faith efforts were not employed.

[2] Doc. 25-2, p. 6, ¶ 21 (citing Smith Depo., p. 103-4, 113-15, Exbs. 5, 9, 10, 11).

[3] Doc. 25-2, p. 6, ¶ 22 (citing Smith Depo., p. 109, 113-115).

[4] Doc. No. 25-6, p. 19.

[5] Doc. 25-2, p. 14, ¶ 64 (citing Smith Depo., p. 45-46, 147, 157; Brown Dec. ¶ 4).

law, nor was Ms. Smith a misunderstood litigant; she was merely an unsatisfied litigant who received an unfavorable decision as to her punitive damages claim. Ms. Smith's retaliation claim survived summary judgment, yet she has failed to identify any proper basis for altering or amending the Court's ruling as to the punitive damages claim.

As a matter of law this Court finds that there are no facts in the record for a jury to conclude that TJX failed to make good faith efforts to prevent retaliation.

## CONCLUSION

Viewing the record in the light most favorable to the non-movant, TJX employed a good faith effort to comply with Title VII and summary judgment was proper on Ms. Smith's claim for punitive damages. Accordingly, Ms. Smith's Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

**DATED: June 3, 2009**

                /s/ ALLEN SHARP
                **ALLEN SHARP, JUDGE**
                **UNITED STATES DISTRICT COURT**